# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH PATWYNE JOHNSON          *

    Plaintiff,                  *

v.                              *     CIVIL ACTION NO. PWG-17-3381

SCOTT SEARS "ET AL." (*MSP 90-40-5663*)*
WILLIAM HALLEY MCDERMOTT,
"ET AL.,"                       *

    Defendants.                 *
                                    *****

## MEMORANDUM

On November 13, 2017, Joseph Johnson, a detainee at the Worchester County Jail in Snow Hill, Maryland, filed this civil rights action against Maryland State Police Officer Scott Sears and Deputy State's Attorney William McDermott. He alleges that Sears lied in an application for a statement of charges to obtain an arrest warrant and that McDermott nolle prossed the charges in 2016 and then allowed Sears to testify before a grand jury, even though he was aware of Sears's prior misconduct. As a result, Johnson was recharged and subsequently rearrested on April 25, 2017. ECF No. 1. He seeks miscellaneous relief (Defendants' suspension and an investigation into their actions), as well as monetary damages ($5,000,000.00). Johnson's cause of action, construed as a 42 U.S.C. § 1983 civil rights action, shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on April 25, 2017, a criminal indictment was issued charging Johnson with attempted first- and second-degree murder, first- and second-degree assault, reckless endangerment, illegal possession of a firearm, handgun on a person, firearm use by a felon, and other miscellaneous offenses. *State v. Johnson*, Crim. Case

No. C-23-CR-17-000150 (Cir. Ct. for Worchester Cty.). On September 7, 2017, a jury convicted Johnson of first- and second-degree assault, reckless endangerment, illegal possession of a firearm, handgun on a person, and firearm use by a felon. He is currently awaiting sentencing in January of 2018. *See* www.casesearch.courts.state.md.us/inquiry.

Insofar as Johnson seeks Defendants' suspension and an investigation into their actions, this type of relief cannot be granted, because Johnson has no legally protected interest in the prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Hill v. Ramsey*, No. PWG-13-3084, 2014 WL 7260859, at *1 (D. Md. Dec. 17, 2014); *Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012), *aff'd*, No. 12–5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012); *Speight v. Meehan*, No. 08–3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

To the extent that he seeks monetary relief under 42 U.S.C. § 1983, his claims are not yet cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted).

The state court docket shows that Johnson was convicted of offenses in the Circuit Court for Worchester County. The convictions have not been overturned, invalidated or called into

question on direct appeal by issuance of a writ of habeas corpus. And, considering Johnson's allegations in this Court—that he was improperly recharged—"a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *See id.* at 487. Any request for monetary damages is premature. *See id.*; *see also Toomer v. McLane*, No. DKC-16-2480, 2016 WL 6780227, at *2 (D. Md. Nov. 16, 2016) ("Assuming that a colorable constitutional claim has been stated, where an inmate's success in a § 1983 damages action would implicitly call into question the validity of the underlying conviction . . . , the inmate must first 'achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.'"(quoting *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck*, 512 U.S. 477))).

For reasons stated above, this Court will dismiss the Complaint without prejudice. A separate Order follows.

Date: December 20, 2017

_____
Paul W. Grimm
United States District Judge